UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY F. HAYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-3238-B |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 10). Because the Court finds that Defendant has sufficiently established that the amount in controversy is over $75,000, the Court **DENIES** the Motion.

## I.

## BACKGROUND

This is a dispute between a homeowner and lender. Doc. 1-1, Ex. A, 6 ¶ 8. On November 5, 2018, Plaintiff Billy Hayes, the homeowner, commenced this action in state court, one day before a scheduled foreclosure sale of his home. Doc. 14, Def.'s Resp., ¶ 1. Plaintiff alleges that he was in the process of obtaining a loan modification when Defendant Bank of America, N.A., the lender, wrongfully posted his home for foreclosure sale. Doc. 1-1, Ex. A, 6–8. Plaintiff's claims include breach of contract, common law fraud, promissory estoppel, violations of the Texas Property Code, Texas Debt Collection Act, breach of the duty of cooperation, and negligent misrepresentation. *Id.* at 8–14. Defendant removed this case to federal court on December 10, 2018, invoking this Court's diversity jurisdiction. Doc. 1, Notice of Removal, ¶ 6. Plaintiff filed a Motion to Remand on December 21,

2018. Doc. 10, Pl.'s Mot. to Remand, 1.

Here, the parties do not dispute that diversity of citizenship is satisfied. *Id.* Instead, Plaintiff argues that Defendant has not met its burden to show that the amount in controversy is satisfied. In its Notice of Removal, Defendant relies on the fair market value of the property—$226,050 in 2018—to satisfy the amount in controversy. Doc. 1, Notice of Removal, ¶¶ 2, 12. Plaintiff does not dispute this value, but argues that it simply does not control. Doc. 10, Pl.'s Mot. to Remand, 2–3. In response to the Court's request for supplemental briefing as to Plaintiff's equity in the property, Defendant stated that on May 11, 2018, Plaintiff's equity in the home was $54,658.70. Doc. 16, Def.'s Br., ¶ 12. Plaintiff disputed that this was sufficient to establish the amount in controversy at the relevant time period, namely the time of removal: December 20, 2018. Doc. 17, Pl.'s Reply, 4–5. In response, Defendant states that on or around October 24, 2018—about two weeks before Plaintiff filed his state-court complaint—Plaintiff's equity in the home was $71,543.20. Doc. 19, Def.'s Supp. Br., ¶ 2. Defendant arrives at this number by relying on an appraisal value of $254,000, updated on October 2, 2018 in advance of the scheduled foreclosure sale. *Id.* As the Court is in receipt of all supplemental briefing requested, the Court now addresses the issue of jurisdiction.

## II.

## LEGAL STANDARD

Federal law allows for the removal of certain civil actions from state to federal court. 28 U.S.C. § 1441. To remove a case, the removing party must demonstrate that the court has jurisdiction, such as through diversity jurisdiction. *Alsobrook v. GMAC Mortg., LLC*, 2012 WL 1643220, *1 (N.D. Tex. Apr. 13, 2012). Diversity jurisdiction requires complete diversity of citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). When the

state-court complaint does not specify an amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). And

> if a defendant in a [state-court] suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand [in the state-court complaint] the amount in controversy actually exceeds § 1332's jurisdictional threshold, . . . [t]he plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000.

*Gates Gates v. Allstate Tex. Lloyd's*, 267 F. Supp. 3d 861, 865 (W.D. Tex. 2016) (quoting *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002)).

## III.

## ANALYSIS

In many foreclosure cases, the amount in controversy is the fair market value of the plaintiff's home. *E.g., Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1046–51 (W.D. Tex. 2010) (compiling cases). However, in some limited circumstances, some courts have found the amount in controversy in foreclosure cases to be better measured differently. *See e.g., Elsner v. Bank of N.Y. Mellon*, 2011 WL 2650567, at *4 (N.D. Tex. July 6, 2011) (finding the plaintiff's equity in the home to be a more appropriate measure). Here, the Court need not decide which is the appropriate measure, because under any relevant measurement Defendant has met its burden to establish diversity jurisdiction.

A. *Plaintiff's Claims and Requested Relief are Numerous.*

The amount in controversy in a case necessarily depends on the claims brought and relief sought. As introduced above, Plaintiff's claims include breach of contract, common law fraud, promissory estoppel, violations of the Property Code, Texas Debt Collection Act, breach of duty of

cooperation, and negligent misrepresentation. Doc. 1-1, Ex. A, 8–14. His requested relief includes actual damages and economic damages—as he states that his equity is at stake—mental anguish and emotional distress damages, exemplary damages, and reasonable attorney's fees. *Id.* at 12, 14–16. He makes no mention of declaratory or injunctive relief. *See generally id.* But his goal is to halt the impending foreclosure sale, at least temporarily, which he has achieved by simply filing suit under the statute. *Id.* at 15 (citing the automatic stay provisions of Rule 736.11 of the Texas Rules of Civil Procedure). And he himself states that "[t]he subject matter of the lawsuit is the real property and the improvements thereon[.]" *Id.* at 6.

But Plaintiff also includes the following language in his complaint: "All damages Plaintiff seeks to recover from Defendant, including but not limited to actual damages, emotional distress damages, exemplary damages, attorneys' fees, and costs of court, is an amount less than $75,000." *Id.* at 14 ¶ 43.

And when challenged by Defendant as to the amount in controversy, Plaintiff asserts predominately only what he is not seeking. Namely, he:

> is not seeking to set aside the Home Equity Note and Security Instrument on the real property or for Defendant to forfeit the principal of the Note. Plaintiff is not seeking to call the entire validity of the contract into question, nor seeking any kind of injunctive or declaratory relief regarding the rights of the Defendant pertaining to the real property.

Doc. 10, Pl.'s Mot., 2–3; *see also* Doc. 17, Pl.'s Reply, 5–6.

B.  *Defendant Has Established by a Preponderance of the Evidence that the Amount in Controversy Exceeds $75,000.*

The Court first considers whether Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Here, Defendant argues that despite some of the wording of Plaintiff's complaint, the amount in controversy is clearly the property itself, which

is valued above $75,000. Doc. 14, Def.'s Resp., ¶ 8. Defendant points to several places in Plaintiff's complaint to argue that it is clear Plaintiff seeks to stop the foreclosure sale, and cites cases that hold that the amount in controversy in foreclosure cases is the fair market value of the home. *Id.* ¶¶ 2, 9 (citing *Nationstar Mortg., LLC. v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009)).

The Court agrees that the majority view is that the fair market value of a property in typical foreclosure cases is determinative of the amount in controversy, as no one disputes that the house is valued at a minimum $226,050. *See Alsobrook*, 2012 WL 1643220, at *2 (describing the split). If that controls in this case, then Defendant has met its burden. But in many foreclosure cases that use this metric, the plaintiffs have requested declaratory or injunctive relief and a permanent injunction, unlike in this case. *See id.* In other cases, courts have determined that the value of plaintiff's interest in the property is the appropriate measure. *E.g., Elsner*, 2011 WL 2650567, at *4 (finding that the appropriate measure was plaintiffs' equity when plaintiffs' objective was to secure a long-term loan modification, obtain money damages, and make defendants produce the original note prior to foreclosing).

Even if, however, the Court concludes that it is plaintiff's equity that controls, Defendants have provided evidence that Plaintiff's equity was $71,543.20 two months before this action was removed. Doc. 19, Def.'s Supp. Br., ¶ 2. While this alone is insufficient to meet the jurisdictional threshold, the Court must consider the other relief requested as well. For example, this is more than what the court in *Alsobrook* found was sufficient to satisfy the amount in controversy if the plaintiff's equity were the relevant measure, once money damages and attorney's fees were included. 2012 WL 1643220, at *2 (denying remand when plaintiff had $25,000 in equity, and was seeking double or treble damages for the alleged violation of the Texas Property Code, actual damages, and attorney's

fees). Even though double and treble damages have not been requested, Plaintiff is much closer to the jurisdictional threshold than plaintiffs in other cases have been in which remand was granted. *See e.g., Lutze v. U.S. Bank, N.A.*, 2012 WL 2899042, *3 (N.D. Tex. Jul. 13, 2012) (finding equity of approximately $33,000 insufficient when no double or treble damages were requested). Here, Plaintiff also seeks damages for emotional distress, which the Court notes:

> . . . may never be determined with balance sheet precision. The best the court can do is make a reasonable estimate of the amount at controversy based on the facts presented to it and the forms of damages demanded.

*Berry v. Chase Home Finance, LLC*, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (quoting *Clifton v. Washington Mut. Bank*, 2007 WL 2263899, at *3 (W.D. La. July 23, 2007)).

Taking a common-sense approach, this Court finds that even if Plaintiff's equity is the relevant measure, Defendant has satisfied its burden that the amount in controversy at the time of removal was over $75,000, considering the "actual damages, emotional distress damages, exemplary damages, attorneys' fees, and costs of court" that Plaintiff has also requested. *See* Doc. 1-1, Ex. A, 14 ¶ 43; *id.* at 6 ¶¶ 9–12; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (approving of courts applying common sense to determine whether the amount in controversy has been met).

Accordingly, whether the Court considers the fair market value of the Property or Plaintiff's equity interest in the Property, the Court finds that Defendant has met its initial burden to show that the amount in controversy exceeds the minimum jurisdictional amount of $75,000.

C.   *Plaintiff Fails to Show as a "Legal Certianty" that His Recovery is Capped.*

Finally, the Court considers whether, as described in *Gates Gates*, Plaintiff has succeeded in overcoming Defendant's showing and established as a legal certainty that the amount in controversy

is not satisfied. Specifically, Plaintiff argues that his avowed cap on damages in his original complaint is legal binding, and therefore divests this Court of jurisdiction. Doc. 1-1, Ex. A, 14 ¶ 43. Plaintiff argues that because he expressly alleges that he does not seek more than $75,000, the Court must treat his recovery as capped.

Unfortunately for Plaintiff, this language is insufficient. A simple allegation in a state-court petition that a plaintiff seeks less than the jurisdictional threshold, without more, is insufficient to defeat diversity jurisdiction. *See Gates Gates*, 267 F. Supp. 3d at 865 (noting that a plaintiff cannot merely point to an allegation in the state-court petition to establish by "legal certainty" that the jurisdictional amount is not met). Instead, a plaintiff must establish as a matter of law that he is precluded from recovering more than $75,000, or is otherwise bound to this amount by judicial admission. *Id.* at 869, 871–72. And, here Plaintiff submitted no binding stipulation or affidavit with his complaint, nor can Plaintiff remedy his error by submitting a post-removal stipulation. *See Ford v. United Parcel Serv., Inc.*, 2014 WL 4105965, at *3 (N.D. Tex. Aug. 21, 2014) (rejecting similar attempts by a plaintiff to avoid diversity jurisdiction). Thus, Plaintiff may not rely on his alleged cap to avoid diversity jurisdiction, and this Court concludes that it has jurisdiction over Plaintiff's case.

## IV.

## CONCLUSION

Because Defendant has established that diversity jurisdiction exists, the Court **DENIES** Plaintiff's Motion to Remand (Doc. 10). A scheduling order will follow.

**SO ORDERED**.

**SIGNED: February 13, 2019.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE